## Graham's Estate.

Argued May 25, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Louis Caplan,* with him *Charles H. Sachs,* of *Sachs & Caplan,* for appellant.

*Gifford K. Wright,* of *Alter, Wright & Barron,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 30, 1938:

The last codicil to the will of Nettie McKee Graham reads in part as follows: "It is my will that, in case my son James Leonard Graham dies, leaving his wife, Mazie Graham, to survive him and without any children, his said wife Mazie shall be entitled to seven thousand dollars ($7000) annually so long as she remains unmarried, which said annual sum of seven thousand dollars ($7000) shall be payable on the first day of every year."

The testatrix died December 24, 1914. James Leonard Graham and Mazie Graham were divorced July 16, 1917. They had no children. James Leonard Graham remarried August 1, 1917. He died November 30, 1936, leaving his second wife as widow and one child by her. The latter by his guardian is the appellee. Mazie Graham has not remarried.

Mazie Graham, notwithstanding her divorce from James Leonard Graham, claims to be entitled to the annuity of $7000 per year. The court below, one of the judges dissenting, decided that her claim could not be sustained, and in its decree refused to make any award to her.

The words in the codicil which require construction are these: "In case my son James Leonard Graham dies, leaving his wife, Mazie Graham, to survive him and without any children." We think it clear, under this language that Mazie Graham could take only in the event that James Leonard left no children, and as he left a child, she is barred from receiving the annuity.

The conjunction "and" manifestly connects the word "dies" with the phrase "without any children," not "Mazie Graham" and "without any children." As pointed out by the majority opinion of the Orphans' Court, "testatrix intended that Mazie could participate in the income only on two conditions: first, that she should survive James; and, second, that he would have no offspring."

Decree affirmed at appellant's cost.